## COURT OF GENERAL SESSIONS OF THE PEACE IN AND FOR THE CITY AND COUNTY OF NEW YORK.

June 18, 1924.

## THE PEOPLE OF THE STATE OF NEW YORK, PLAINTIFF, v. PATRICK J. CRYAN, DEFENDANT.

CRIMES—VIOLATION OF PENAL LAW, § 1212, PROHIBITING POSSESSION OF INTOXICATING LIQUORS—JUDGMENT IN DEFENDANT'S FAVOR IN SUPREME COURT IN SEIZURE PROCEEDING INVOLVING SAME ISSUES BAR TO PROSECUTION OF INDICTMENT—RES ADJUDICATA, AS RULE OF EVIDENCE, APPLICABLE IN CIVIL ACTIONS AND CRIMINAL PROSECUTIONS—CODE CRIM. PRO. § 392, APPLIED—INDICTMENT DISMISSED.

If an issue be presented in a subsequent proceeding between the same parties which is shown to have been adjudicated and determined in a former one, the principle of *res adjudicata* is inclusive although the proceedings are based upon different grounds or are instituted for different purposes and seek different results.

Accordingly, a motion to dismiss an indictment charging the defendant with the illegal possession of a stock of intoxicating liquors in violation of section 1212 of the Penal Law (repealed by Laws of 1923, chap. 871) should be granted where it appears that the precise issue

raised by the defendant's plea of not guilty to the indictment was tried
between the people and the defendant in a seizure proceeding in the
Supreme Court where judgment was directed in defendant's favor, since
the judgment is a bar to his prosecution under this indictment.

The principle of *res adjudicata*, which, as a rule of evidence pursuant
to section 392 of the Code of Criminal Procedure, is applicable to civil
and criminal cases alike, applies irrespective of whether the criminal
prosecution or civil action is first tried and a judgment rendered in
favor of the same defendant.

MOTION to dismiss indictment.

*Albert Blogg Unger, Assistant District Attorney,* for the
People.

*O'Connor & Donnellan (John W. Clancy,* of counsel), for
the defendant.

ROSALSKY, J.:

It is conceded that the precise issue raised by the defend-
ant's plea of not guilty to the indictment charging him with
illegally possessing a stock of intoxicating liquors in violation
of section 1212 of the Penal Law* (Mullan-Gage Act) was
tried between the People and the defendant in a seizure pro-
ceeding in the Supreme Court, with the result that the jury
rendered a verdict in his favor. The defendant, therefore,
moves that the indictment be dismissed upon the ground that
the judgment in his favor in the Supreme Court is a bar to his
prosecution under this indictment.

The federal courts have uniformly held that where the
precise issue has been tried in a criminal proceeding between
the United States and a defendant, and a judgment of acquittal
has been rendered in his favor, such judgment is conclusive
and binding on the government in a subsequent trial of a suit
*in rem* by the United States against the same defendant.

---

* Repealed by Laws of 1921, chap. 871.

Coffey v. U. S., 116 U. S. 436, and cases cited therein, U. S. v. Seattle Brewing & Malting Co., 135 Fed. Rep. 597. The state courts in several jurisdictions have followed the federal courts in similar proceedings. State v. Cobb, 99 N. W. Rep. 299, and cases cited therein.

The question submitted for determination is the converse of whether a judgment in a proceeding *in rem* of a penal nature, involving the precise issues raised by an indictment, permits the interposition of a plea of *res adjudicata* in a criminal prosecution.

While it is true that under the law the proceeding for the seizure of the liquor and the criminal prosecution for the punishment of the defendant for illegally possessing the liquor are separate and distinct, and that the judgment in the former authorizes the court to order the destruction of the liquor, and in the latter to impose a fine upon the defendant for illegally possessing the liquor, and, in addition, to order the destruction of the same upon the defendant's conviction as a first offense (the defendant herein being charged as a first offender), nevertheless, if there has been a specific determination of the precise issues involved in both the seizure proceeding and the criminal prosecution, it operates as an estoppel from the second trial of the specific matter so determined, and to operate as such estoppel it is not essential that there should be identity of causes of action.

If an issue be presented in a subsequent proceeding between the same parties which is shown to have been adjudicated and determined in a former one, the principle of *res adjudicata* is inclusive although the proceedings are based upon different grounds or are instituted for different purposes and seek different results.

The true test is whether the same evidence will support both proceedings. The fact that in the seizure proceeding the People were called upon to prove their case by only a pre-

ponderance of evidence and in the criminal prosecution they
would be called upon to prove the defendant's guilt beyond a
reasonable doubt, is immaterial. In both the criminal prose-
cution and the seizure proceeding the People of the State of
New York and the defendant were the same parties, and since
it is conceded that the precise issues with respect to the illegal
possession of the liquor by the defendant had been decided in
favor of the defendant and against the People, the plea of *res
adjudicata* is well taken.

In Coffey v. United States, 116 U. S. 436, 444, the court
said: "This doctrine is peculiarly applicable to a case like the
present, where, in both proceedings, criminal and civil, the
United States are the party on one side and this claimant the
party on the other. The judgment of acquittal in the criminal
proceeding ascertained that the facts which were the basis of
that proceeding, and are the basis of this one, and which are
made by the statute the foundation of any punishment, personal
or pecuniary, did not exist. This was ascertained once for
all, between the United States and the claimant, in the criminal
proceeding, so that the facts cannot be again litigated between
them, as the basis of any statutory punishment denounced as
a consequence of the existence of facts. * * * Yet, where
an issue raised as to the existence of the act or fact denounced
has been tried in a criminal proceeding, instituted by the United
States, and a judgment of acquittal has been rendered in
favor of a particular person, that judgment is conclusive in
favor of such person, on the subsequent trial of a suit *in rem*
by the United States, where, as against him, the existence
of the same act or fact is the matter in issue, as a cause for
the forfeiture of the property prosecuted in such suit *in rem*.
* * * Nevertheless, the fact or act has been put in
issue and determined against the United States; and all that
is imposed by the statute, as a consequence of guilt, is a punish-
ment therefor. There could be no new trial of the criminal

prosecution after the acquittal in it; and a subsequent trial of the civil suit amounts to substantially the same thing, with a difference only in the consequences following a judgment adverse to the claimant."

The contention that the Code of Criminal Procedure contains a provision with regard to a plea of former judgment of conviction or acquittal of the crime charged (Code of Crim. Pro. § 332) and is silent upon the subject of *res adjudicata,* and that, therefore, no such plea can be entertained unless the defendant has either been acquitted or convicted of the crime charged, is untenable. It is quite clear that the principle of *res adjudicata* applies irrespective of whether the criminal prosecution or civil action is first tried, and a judgment rendered in favor of the same defendant. If there had been any doubt on the subject it is removed by section 392 of the Code of Criminal Procedure, which, among other things, provides that the rules of evidence in civil cases are applicable also to criminal cases. The term *res adjudicata* is a rule of evidence which holds that a fact which has once been adjudicated or determined by a court of competent jurisdiction must be accepted by the same parties as true in every other court. People v. Rodgers, 184 App. Div. 461–465. In United States v. Oppenheimer, 242 U. S. 85, 87, the court said: "Upon the merits the proposition of the government is that the doctrine of *res adjudicata* does not exist for criminal cases except in the modified form of the Fifth Amendment that a person shall not be subject for the same offense to be twice put in jeopardy of life or limb; and the conclusion is drawn that a decision upon a plea in bar cannot prevent a second trial when the defendant never has been in jeopardy in the sense of being before a jury upon the facts of the offense charged. It seems that the mere statement of the position should be its own answer."

It seems to me, while the facts in the Oppenheimer Case,

*supra,* dealt with two criminal prosecutions, that the case nevertheless sheds light upon the principle of *res adjudicata* being recognized in criminal cases, notwithstanding the fact that the plea of former jeopardy is not interposed.

The plea of *res adjudicata* is sustained and the indictment is dismissed.

Ordered accordingly.