THE PEOPLE OF THE STATE OF NEW YORK ex rel. BOLISLAW KWIATKOWSKI, Relator, *v.* NICHOLAS J. TRENKLE, Sheriff of Cattaraugus County, Respondent.

County Court, Cattaraugus County, March 25, 1938.

*Samuel Giunta* [*Henry P. Nevins* of counsel], for the relator.

*A. Edward Krieger, District Attorney,* for the respondent.

BLACK, J. The relator, Bolislaw Kwiatkowski, was at the December, 1937, term of the Supreme Court of Cattaraugus county, indicted on three counts. The first count charged defendant with attempted rape in the first degree upon the person of Sophie Batesky; the second count with attempted rape in the second degree against the same person; the third count with carnal abuse of a child over ten years of age and less than sixteen, under the provisions of section 483-b of the Penal Law of the State of New York.

The relator was arrested on a bench warrant issued on said indictment and was, at the time of the issuing of the writ herein confined in Cattaraugus county jail in the custody of Nicholas J. Trenkle, as sheriff of Cattaraugus county. It appears further, without dispute, that on the 7th day of November, 1937, the relator was arrested in the city of Olean, and taken before the

Police Court of that city and charged upon the information of James L. McCready, an officer of the Society for the Prevention of Cruelty to Children, with corrupting the morals of a child in violation of section 483 of the Penal Law. The relator was convicted of said offense in Police Court and sentenced to the Monroe County Penitentiary for a period of one year, which sentence was suspended and he was placed on probation to the said James L. McCready. No appeal was taken from said judgment of conviction and the same, at the time of the finding of the indictment, had become conclusive as more than thirty days had elapsed from the time of pronouncement of judgment to the time of the finding of the indictment.

The petition of the relator further alleges that the offense charged against the defendant in said Police Court on the 7th day of November, 1937, was the same offense charged in the indictment herein, except that the indictment alleged that the offense was committed within the bounds of the *town* of Olean, and the charge before the police justice, made by Mr. McCready, upon which the relator was found guilty, was that the crime was committed within the *city* of Olean.

Upon the above briefly stated facts, a writ of habeas corpus was granted by Hon. GEORGE A. LARKIN, justice of the Supreme Court, on the 8th day of January, 1938, directing the sheriff to produce the relator before this court and for the sheriff to show cause why defendant should not be discharged from his custody.

After the return of the writ and the hearing of the arguments thereon, decision was reserved until after counsel had filed briefs. The defendant, in the meantime, has been admitted to bail on the charges under the indictment, and placed in the custody of his attorney by an order of this court as pertaining to his custody under the writ of habeas corpus, with a provision in the order that the giving of the bail, or the granting of the order as to custody, should in no way affect the merits of the question as to whether or not the relator was rightfully detained in the custody of the sheriff under the bench warrant issued upon the indictment.

It is admitted that the procedure is correct under the writ or order of habeas corpus. Before proceeding with the discussion of the law applicable to the case I should state that the People, on the argument of this writ, admit certain facts which are pertinent to the decision herein. The People admit that the facts upon which the defendant was arraigned in Police Court in the city of Olean, and convicted, are the same facts upon which he was indicted before the grand jury. The People do not admit that

the offense is the same but that the facts out of which the alleged various crimes charged arose are the same.

The main point which relator makes is that a person cannot twice be placed in jeopardy for the same offense. (N. Y. Const. art. 1, § 6.)

There can be no doubt but that the crime for which the defendant was convicted in Police Court is a different crime from the ones charged in the indictment, except perhaps the misdemeanor alleged in the third count.

It has been held in many cases that a defendant may be convicted of several crimes arising out of the same transaction or circumstances. In order to bar prosecution on the ground that defendant has previously been tried for the same offense, the two offenses must be the same in law and in fact. The words " same offense " as used in the Constitution mean the identical act and crime. (*Burton* v. *United States*, 202 U. S. 344; *People ex rel. Cunningham* v. *Bingham*, 134 App. Div. 602; *People* v. *Saunders*, 4 Park. Cr. 198.)

The holdings of the various cases are difficult to reconcile. It seems to me that the question is very well discussed in the opinion of Judge HAZARD, in *People* v. *Bevins* (74 Misc. 377) in the Oneida County Court. After referring to some of the decisions mentioned above, Judge HAZARD discusses the questions applying to the particular case before him. In that case the defendant had been convicted of public intoxication. Afterwards he was being tried upon the charge of disorderly conduct arising out of the same transaction. The court said: " It seems to be obvious that the crimes are separate and distinct as a matter of law, although they may be closely related on the facts. A man may be intoxicated without using profane and obscene language, and, *vice versa*, he may use profane and obscene language in excess without being intoxicated. Defendant could not have been convicted of the crime of public intoxication by proof of any quantity of obscene and profane language. There must have been other proof. As a matter of fact, there was proof in the intoxication case that he talked loudly, walked unsteadily and staggered."

The court then quotes from the case of *Morey* v. *Commonwealth* (108 Mass. 433) in which it is stated: " ' A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an

offense against two statutes; and if *each* statute requires *proof of an additional fact which the other does not,* an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' "

The statement in the above quotation helps make clear the distinction as to when offenses may be considered to be the same offenses and when not, viz., " and if *each* statute requires *proof of an additional fact which the other does not,* an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

This rule is well illustrated in the trial of an indictment charging the defendant with the crimes of burglary and larceny. Burglary, of course, is the breaking and entering of a building with the intent to commit a crime therein. In order to establish burglary it is not necessary to show that the defendant did actually commit larceny. The facts must merely be sufficient from which the jury can find that he entered the building with *the intent* to commit a larceny. In the proof of the burglary case, if a larceny had been committed, no doubt that fact would be shown to establish that the defendant did break and enter the building with the *intent* to commit a crime. Such a conviction, however, would not bar a conviction for larceny arising out of the same circumstances or transaction, as to convict of larceny the additional fact must be established that the defendant actually did take and appropriate to his own use property belonging to someone else.

In the case in Police Court no evidence was taken, and there are not many specific facts set forth in the record of the case. There is the information, the plea of guilty, and the record of conviction and sentence. However, it is admitted on the argument of this case by the People as set forth above that the *facts* out of which the alleged various crimes charged arose are the same. The People do not admit that the offense is the same. It is also admitted on the argument that there was no collusion or fraud of any kind practiced on the part of the defendant, or any one in his behalf, in order to secure the acceptance of a plea to a lesser crime than that for which he might have been charged. The complaint was made by the agent for the Society for the Prevention of Cruelty to Children. It is admitted that he investigated the facts; that the matter was talked over before the justice by the agent, the defendant, and the father of the little girl who is the complainant. Apparently there was an understanding at the time, honestly and fairly arrived at, that such a plea should and would dispose of the entire charge. The children's agent was careful in his investigation before consenting to accept such a plea. A doctor was obtained and a

physical examination made of the little girl which disclosed that no rape had been committed. It appears that after the plea, the defendant's sentence of one year in the Monroe County Penitentiary was suspended and the defendant was placed on probation. That apparently was not satisfactory to the father of the girl. He later sought further prosecution which resulted in the finding of the indictment now before this court.

The point that the offense was not committed within the city of Olean and, therefore, the Olean Police Court had no jurisdiction and that the offense was actually committed in the town of Olean as charged in the indictment cannot in this proceeding be raised by the People. Before the police justice the People appeared and made a charge. (The district attorney was not present and had nothing to do with the Police Court proceedings.) The People charged that the defendant had committed a misdemeanor in the city of Olean and upon that charge a plea of guilty was entered and sentence imposed. No appeal was ever taken and the judgment has become final. The only person who could raise the question of jurisdiction under these circumstances was the defendant himself. The People cannot now say — we made a charge against the defendant in Olean Police Court and secured a conviction which has not been appealed from and which has become absolute, but we were mistaken about the matter, the crime was actually committed in the town of Olean and the conviction which we obtained in City Court was of no valid effect because the court was without jurisdiction. The question as to the place where the offense was committed, it seems to me, has been adjudicated and determined. The question of *res adjudicata* is discussed further on herein.

The misdemeanors, that is, the one upon which the defendant was found guilty in Police Court and the one charged in the third count of the indictment, are of such similar nature and are so closely connected that a conviction of either offense could be had on the same proof. They are not such distinct crimes that one of them requires a specific proof of an additional fact not necessary to obtain a conviction in the other. While the names of the crimes are different, yet the People cannot say — we convicted you of one crime on a certain state of facts, we wish to now convict you of another crime without any additional facts and call that crime a different name. If the rule stated in the Massachusetts case above is correct, then the defendant may be tried for a second crime arising from the same transaction, not in cases in which the same facts may be designated as constituting crimes of different names, but in cases in which the crimes are so distinct that in order to convict of the second crime arising out of the same transaction

facts additional to those constituting the first crime are necessary to be shown to establish the commission of the second crime. I think it is clear that the word *transaction* is a broader term than the word *offense*. Part of the acts of a particular transaction might constitute one crime and a part of the acts another crime. To place the defendant on trial for the misdemeanor charged in the indictment would in my opinion be placing him twice in jeopardy for the same offense.

On the argument the court's attention was called to a case tried in this court in which the court held that the defendants had not twice been placed in jeopardy for the same offense. That holding, I think, was not inconsistent with the Massachusetts case above referred to. The case in this court where such a holding was made was one where two men held up an automobile driver, struck him and beat him, and took some money from his person. These defendants were experienced, or their attorneys were, and they appeared before a justice of the peace on a complaint made, and each pleaded guilty to the charge of assault in the third degree. They were fined a small amount and paid the fines. On the trial of the defendants for robbery, defendants' counsel raised the question of double jeopardy and made a motion to discharge the defendants, which motion was denied by this court. It is easy to see that in that case an assault was committed to which the defendants pleaded guilty, but also they were charged with the commission of another crime which required additional facts, although those facts arose out of the same transaction. Those additional facts were the taking of money or property from the person of the automobile driver. The rushing in to plead guilty to the lesser crime in that case also was intended as a trick and fraud upon the court.

In addition to the question of double jeopardy, the rules of *res adjudicata* must be considered as they apply to criminal cases just the same as in civil cases, and if one essential point has been finally adjudicated in one trial in favor of the defendant that question is adjudicated and determined as to all proceedings between the parties. If the defendant is prosecuted later for another offense arising out of the same transaction where it is necessary to prove that particular point against him (the point which has already been adjudicated in his favor), the defendant cannot be convicted again but the case must be dismissed although the matter involves the trial of a different offense.

This last-mentioned point is illustrated in the case of *People* v. *Purcell* (16 N. Y. Supp. 199). In that case the defendant was being tried on an indictment charging rape. He had previously been tried on a charge of assault and battery and acquitted. The court held that as rape necessarily involved the element of assault

and defendant had been acquitted of the charge of assault, that he could not now be tried for rape. The court quoted from *State v. Smith* (43 Vt. 324), the quotation appearing at the bottom of page 199: "We think the rule is now well established, that when one offense is a necessary element in and constitutes an essential part of another offense, and both are in fact but one transaction, a conviction or acquittal of one is a bar to the prosecution for the other." Stating further in its own opinion, the court says: "Nor can the contention of the prosecution, that the court in which the former trial was had had not jurisdiction to try a felony, be of any avail. It was a court of competent jurisdiction, to determine the guilt or innocence of the defendant upon the accusation made then against him by the prosecutrix."

It does not matter in which court the question is determined if the court had jurisdiction to try that fact and a final determination is made. Then that determination is forever binding in every court between the parties so far as that particular transaction is concerned.

The point is again clearly stated in *People v. Grzesczak* (77 Misc. 202). It is held in that case that the acquittal of the charge of larceny is not a bar to a prosecution for attempted robbery in the first degree although the facts in the two cases are identical. That can be clearly seen as these are crimes which require different facts to be proven although those facts arise from the same transaction. The court did hold, however, that where on a trial for arson, the only litigated question was the presence of the accused in the place of the offense, and he was acquitted, the question of his presence cannot be again tried in a prosecution for attempted robbery involving the same transaction. The question of whether the defendant was at the place at the time of the transaction had been litigated and determined in the former trial in favor of the defendant and that determination was final. Several cases are cited in this opinion at page 204 and following. One case cited was *People v. Monroe* (190 N. Y. 435), in which the defendant was convicted of robbery in the first degree. The indictment charged that he had committed robbery with an accomplice actually present. The accomplice had been acquitted. The Court of Appeals reversed the judgment of conviction as to the other defendant, holding that the acquittal of the accomplice amounted to a finding by the jury that the accomplice was not actually present at the time of the robbery and aiding the defendant in the commission of that crime.

In the case of *People v. Cryan* (123 Misc. 358), on pages 360 and 361 the court discusses and gives several authorities as to the application of the rule of *res adjudicata* to criminal cases and defines the terms as meaning a rule of evidence which holds that

a fact which has once been adjudicated or determined by a court of competent jurisdiction must be accepted by the same parties as true in every other court.

With the above rule in mind, let us examine again what the situation is in this particular case. The facts are admitted to be the same. It is not now charged that the defendant committed *rape* but *attempted rape*. If rape were charged, then it would appear clearly that additional facts must be proved to constitute that crime than the facts admitted to constitute the misdemeanors and that the facts as to the crime of rape had never been passed upon or adjudicated. The felony charged here, however, is an *attempt* to commit rape.

Attempt to commit a crime is defined in section 2 of the Penal Law as follows: " An act, done with *intent* to commit a crime, and tending but failing to effect its commission, is ' an attempt to commit that crime.' "

We then have this situation. The People accepted a certain plea of guilty to a crime based upon a certain state of facts to constitute which did not require a particular intent. It is true that section 483, which is entitled, " Endangering life or health of child," but which includes in its definition placing the child in such a situation as to impair its morals, includes the word " wilful," yet that does not mean that there must be a specific intent to injure the morals of the child, but that the act is done of defendant's own will — knowingly and not by mere accident or inadvertence. The People present a state of facts to the police justice and say the defendant did these acts willfully but without any specific criminal or malicious intent to injure the morals of the child but the acts were such that they were likely to impair the morals of the child.

Now, under the indictment the People are presenting the same state of facts that were presented in Police Court and asking that they be permitted to draw from those same facts a criminal and malicious intent on the part of the defendant to commit the crime of rape.

It was held in the case of *Lohman* v. *People* (1 N. Y. 379), at the bottom of page 383, that where the difference in the offenses charged consists *solely* in the *intention* of the criminal — *the means of their commission and the consequences in either case being precisely the same* — the People cannot convict the defendant upon a certain state of facts alleging a certain *intent* and then try the defendant in a subsequent indictment upon the theory that the defendant employed the " same means, upon the same person and occasion, with a *different* design." Here we do not have exactly the same

situation as set forth in *Lohman* v. *People* (*supra*), but the reasoning is parallel.

The People, in the case in Police Court, present a state of facts and charge that those facts constitute a misdemeanor in which no specific evil or malicious intent is required to be shown to constitute the crime. The defendant considers the charge and pleads guilty to it. By that plea the defendant admits and it is determined by the judgment of the court that the acts were in violation of section 483 of the Penal Law, and, while willful, were committed without any specific criminal intent. The People now argue that, while it was so determined, yet on the same state of facts, without the necessity of proving any fact additional to those established in Police Court, and under circumstances where the means of the commission of the offenses and the consequences were precisely the same, that it should now be determined that an intent to commit a felony did exist. The solution of this case is not without difficulty. However, I am of the opinion that when the People consented to the plea in Police Court upon precisely the same state of facts, the court adjudicated the matter of intent based upon those facts and found in effect that there was no specific malicious or evil intent and that the People cannot now say that such an intent did exist. I am of the opinion that when the People consented to accept the plea it was intended as a final determination of the facts arising out of the transaction and that the judgment concluded and determined that the acts which the defendant did were in violation of section 483 of the Penal Law and such judgment now precludes the People from saying that these same acts, without additional facts, were done with the *intention* of committing a felony, viz., rape. It seems to me that the orderly administration of criminal law in circumstances such as these requires such a holding. Whether the sentence should or should not have been suspended is in no way material here. No fraud or misrepresentation of any kind is claimed. A defendant should not be permitted to plead to a minor offense when he has committed a serious crime and have nothing further done about it. Such a proceeding should not be used to shield a defendant. On the other hand, when there has been an honest determination of the facts and circumstances, after proper investigation, such as appears in this case, and that determination acted upon by the acceptance of a plea of guilty, then such determination should be final. Therefore, I have concluded to grant the defendant's application that he be discharged from the custody of the sheriff, and an order to that effect may be prepared and submitted; also including a dismissal of the indictment and a discharge of the sureties on the bail. Submit order.