Matthew J. Jasen, J.
This is a habeas corpus proceeding in Which the petitioner contends that he is unlawfully held in jail and deprived of his liberty by the respondent Sheriff.
The petitioner maintains that his imprisonment is illegal in that the charges of burglary, attempted robbery and carrying and use of dangerous weapon,' contained in Indictments Nos. 27,958-A and 27,958-B, would subject him to double jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution, of section 6 of article I of the New York State Constitution, of section 9 of the Code of Criminal Procedure and of section 1938 of the Penal Law.
Briefly, the facts appear to be that the petitioner on January 13,1959 was indicted for the crime of murder in the first degree ; that he was duly brought to trial on June 1, 1959 and that the case was submitted to the jury as a felony murder on the theory that he was engaged at the time of the wounding of one George Simon in the commission of burglary in the first degree and attempted robbery in the first degree, and on the common-law theory of homicide. On July 17,1959 the jury returned a verdict *545 acquitting the petitioner of the crime of murder in the first degree but found him guilty of the crime of assault in the first degree under the common-law murder charge of the court, and he was sentenced to Elmira Eeformatory for a term of 5 to 10 years.
Thereafter the pending indictments were returned by a different Grand Jury.
The issues here are: (1) whether the petitioner may be indicted for crimes claimed to have been the underlying felonies in his trial for murder during the commission of a felony, after his acquittal of the latter crime, when these underlying felonies were not included crimes, and (2) whether the crimes of burglary and robbery are separate and independent crimes from the crime of assault when they result from the same act or transaction.
This court has thoroughly examined the trial record as well as the charge of the court and has made a study of the pertinent constitutional, statutory and case law submitted. The precise legal question involved in this case, double jeopardy, has been with us since the founding of our great country and of course resulted in the adoption of the Fifth Amendment to our Constitution.
The meaning and interpretation of this prohibition against double jeopardy has caused great mental perturbation to many learned Judges and scholars.
It would seem that each situation must be independently determined. None of the parties herein has submitted nor has the court been able to discover a decision in this State or by the United States Supreme Court, wherein the facts are identical to the instant ease. There does not appear to be a clear definition in any of the cases cited as to precisely what rule should be followed in ascertaining if the constitutional protection has been breached. (See Hoag v. New Jersey, 356 U. S. 464; Ciucci v. Illinois, 356 U. S. 571; People v. Lytton, 257 N. Y. 310; People ex rel. Moskoff v. Weinstock, 21 Misc 2d 14; People v. Silverman, 281 N. Y. 457; Abbate v. United States, 359 U. S. 187,196; People v. Wagner, 245 N. Y. 143, 145; People v. Nichols, 230 N. Y. 221; People v. Lavopa, 198 Misc. 285; People ex rel. Kwiatkowski v. Trenkle, 169 Misc. 687; Pray v. Hegeman, 98 N. Y. 351; People v. Cryan, 123 Misc. 358, 361.)
The trial record discloses that the charges of burglary, attempted robbery and of violation of subdivision 5-a of section 1897 of the Penal Law were never submitted to, nor considered by the jury which tried the petitioner under Indictment No. 27,575 (murder in the first degree), and that he was not placed in jeopardy for any of the felonies.
*546 The record further discloses that counsel for the petitioner, as well as other .counsel for codefendants, frequently made reference to the fact that the trial jury was to consider only the charge of murder in the first degree and was not to concern itself with any felony, such as we are concerned with now “ at this time.”
A portion of the statements made hy defendant’s counsel in selecting the jury, follows:
Page 588: “If you find they are completely guilty of a burglary or completely guilty of some other felony, you can’t find them guilty of that felony.”
Page 620: “ The only thing we are here trying is the responsibility for the death.
“ We are not here trying a burglary, larceny or robbery of any kind.”
This court agrees in substance with the decision of the Hon, Carlton A. Fisher who, in People ex rel. Santangelo v. Tutuska (19 Misc 2d 308, affd. 11 A D 2d 906), ruled that the subsequent indictment after acquittal of felony murder of one of the codefendants of the relator herein, would not result, upon conviction, in a violation of the rule against double jeopardy.
The second question before the court is whether the pending indictments are contrary to the provisions of section 1938 of the Penal Law, which reads as follows; “An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision,”
The petitioner’s contention is without merit, He may be prosecuted under separate indictments for separate and independent crimes, arising from the same act or transaction.
Sections 1041, 1042, 1043, 1044 and 1045 of the Penal Law comprising the first indictment and sections 400, 402, 260, 2120, 2124 of the Penal Law, comprising the indictment before the court, are separate, distinct and independent crimes, varying in the degrees of proof, and an acquittal under the first indictment does not bar an indictment and prosecution under the sections contained in the second indictment (People v. Clougher, 246 N. Y. 106; People v. Morel, 258 App. Div, 971). Furthermore, the prohibition of section 1938 of the Penal Law relates only to double punishment with respect to different crimes arising from the same transaction and not to double jeopardy for indictments and convictions of separate and independent crimes resulting from the same act (see People v. Savarese, 1 Misc 2d 305). *547 However, a conviction for assault in the first degree would bar a subsequent indictment under subdivision 5-a of section 1897 of carrying and using a dangerous weapon, to wit, a gun.
The petitioner further contends that the Erie County Court lacked authority to order the submission of the pending charges to the Grand Jury. He relies on People v. Dziegiel (140 Misc. 145) and People v. Kowalski (159 Misc. 493). Both of these cases can be distinguished from the case here, in that there the jury considered the specific charges in question and reported a “no bill” as to such charges. Subsequently, the District Attorney attempted to resubmit the same charges to a different Grand Jury for their consideration. In this case the Grand Jury which returned the original murder Indictment No. 27,575, did not consider the felony charges contained in Indictment No. 27,958-A.
This court is of the opinion that it is proper to submit additional charges against this defendant to-a different Grand Jury providing that the first Grand Jury did not consider and report as to such charges.
The petitioner also contends that the District Attorney unduly delayed in presentment of the charges alleged to the Grand Jury, thereby depriving him of his constitutional right to a fair and speedy trial. The court is of the opinion that a delay of several months is not of itself an undue delay and that the petitioner’s right to a speedy and fair trial as guaranteed by the Sixth Amendment of the United States Constitution, section 12 of the Civil Rights Law and section 8 of the Code of Criminal Procedure has not been violated.
It is the opinion of this court that the submission of the charges to the Grand Jury resulting in the indictments for burglary and attempted robbery, was entirely proper and in accord with the law and that the petitioner has not been denied due process nor is he unlawfully restrained in his liberty. Accordingly, the writ of habeas corpus herein is dismissed.