CORTLAND OYER AND TERMINER. June, 1859. Before *Mason*, Justice of the Supreme Court, and the Justices of the Sessions.

## THE PEOPLE *v.* GEORGE SAUNDERS.

To an indictment for rape, the prisoner pleaded that he had been convicted before W. B., a justice of the peace, on the oath of the prosecutrix, E. R. J., of an assault and battery upon her, and fined twenty dollars, which fine was paid by him, and that the assault and battery of which he was so convicted, was the same assaulting, beating, ravishing and carnally knowing of the said E. R. J., charged in the indictment for rape. On demurrer to such plea, it was adjudged bad, on the ground that the facts set forth in it constituted no defence to the indictment for rape.

An acquittal upon an indictment for a felony, constitutes no bar to an indictment for a misdemeanor; and an acquittal for a misdemeanor is no bar to an indictment for a felony.

To make the plea of *autrefois convict* or *autrefois acquit* a bar, it is necessary that the crime charged in both cases be precisely the same; and in considering the identity of the offences, it must appear by the plea that the offence charged in both cases was the same, in law and in fact.

This case does not come within the provision of the Revised Statutes, which makes an acquittal or conviction, on a former trial for an offence, a bar to an indictment for such offence in any other degree, or for an attempt to commit such offence.

Where, in a case of felony, a plea of *autrefois acquit* or *autrefois convict* is interposed and overruled, there should be judgment of *respondeas ouster*.

THE defendant was indicted in the Oyer and Terminer of Cortland county for a rape, and interposed two pleas of *autrefois convict*, to which pleas the District Attorney demurred. The first plea alleged that the defendant was convicted before William Blanchard, Esq., a justice of the peace of the town of Truxton, on the oath of the prosecutrix, of an assault and

battery upon her, the said Eunice Rebecca Johnson, and fined $20, and sentenced to thirty days' imprisonment in the county jail, in case the said fine was not paid, and that he paid said fine; and the plea alleged that the said assault and battery, of which the said defendant was so convicted as aforesaid, was the same assaulting, beating, ravishing and carnally knowing the said Eunice Rebecca Johnson charged in the indictment mentioned, and was one and the same assault and battery, and not other and different, &c.

The second plea differed from this only in that it alleged that the said Eunice Rebecca Johnson made complaint on oath to the said Wm. Blanchard, Esq., a justice of the peace of the town of Truxton, in said county, and said Blanchard issued his warrant against said defendant, charging him with a rape alleged to have been committed upon the said Eunice Rebecca, and which was the same identical offence charged in the indictment in this case. That defendant was arrested on said warrant, and brought before said justice, and that a full examination was had, and the said justice decided that there was no probable cause to hold the said defendant on the charge of rape, but that there was probable cause to hold him for assault and battery; and that the defendant elected to be tried by a Court of Special Sessions, and that thereupon the said defendant was put upon his trial for assault and battery, before the said justice sitting as a Court of Special Sessions, and was convicted and fined $20, &c., &c.

*A. P. Smith* (District Attorney), for the People.

*H. C. Miner*, for the prisoner.

MASON, P. J. These pleas constitute no bar to this indictment for a felony; and acquittal, even upon an indictment for a felony, is no bar to an indictment for a misdemeanor, and an acquittal for a misdemeanor is no bar to an indictment for a felony. (2 *Hawk. P. C.*, 35, § 5; *Arch. Cr. Plead.*, 88.) The justice had no jurisdiction to try the felony for which the de-

fendant is now indicted. He could not, on the examination, even pass upon the question of the defendant's guilt or innocence. The only thing which the statute allowed him to determine was the question whether there was probable cause to believe the defendant guilty, and this only for the limited purpose of committing him to await his trial before a court that has jurisdiction to try him, or of requiring him to give sureties to appear before such court and answer to an indictment.

The defendant was tried simply on a charge of assault and battery, as is shown by the defendant's pleas, and was convicted of that charge.

This constitutes no defence to an indictment for a rape. To entitle the defendant to this plea, it is necessary that the crime charged be precisely the same (1 *Chitty Cr. Law*, 452); and in considering the identity of the offences, it must appear by the plea that the offence charged in both cases was the same in law and in fact. The plea will be vicious, if the offences charged in the two indictments be perfectly distinct in point of law, however nearly they may be connected in fact. (12 *Pick. R.*, 496; 1 *Park. Cr. R.*, 182, 183; 3 *Park. Cr. R.*, 579; *Arch. Cr. Pl.*, 91.)

The former conviction must have been for the same identical crime. (4 *Black. Com.*, 336; *Russ. on Cr.*, 829, 836; 1 *Park. Cr. R.* 184.) In these cases the plea will be held vicious unless the first indictment was such that the prisoner might have been convicted upon it by proofs of the fact contained in the second indictment. (1 *Russ. on Cr.*, 831; 1 *Park. Cr. R.*, 184; *Arch. Cr. Pl.*, 87; *Rex* v. *Taylor*, 3 *Barn. & Cress.*, 502; 3 *Park. Cr. R.*, 579.)

There is another reason why the pleas must be held void. The plea of *autrefois convict* admits the offence charged in the indictment, and as these pleas admit the crime of rape against the defendant, he could not be convicted of assault and battery, for the misdemeanor was merged in the felony. (5 *Mass. R.*, 106; 9 *Cow. R.*, 578; 1 *Comst. R.*, 384; 1 *Russ. on Cr.*, 50; 2 *vol. Id.*, 550; *Bouv. Law Dict.*, titles "*Merger*," "*Cr.*

*Law ;"* 1 *Park. Cr. R.,* 186 ; 22 *Pick. R.,* 508 ; 2 *Eng. Law and Equity R.,* 448.) The defendant cannot, upon this indictment, be tried or convicted of assault and battery. This is well settled at common law, and our statute is but declaratory of the common law (2 *R. S.,* 702, §§ 27 *and* 28), which prescribes the rule for plea of former acquittal or conviction. It only applies to offences where the statute has fixed different degrees to the offence, and in such case a former trial and acquittal or conviction for any one of the degrees of such offence, shall be a bar to an indictment for such offence in any other degree, or of an attempt to commit such an offence. These demurrers to the defendant's special pleas are sustained, and judgment given for the People thereon. The defendant was right in pleading over to this felony the plea of not guilty. (*Arch. Cr. Pleading,* 89, 90, 91 ; *Rex* v. *Vandercomb,* 2 *Leach,* 708 ; *Rex* v. *Cogan,* 1 *Leach,* 448 ; *Rex* v. *Shaw,* 2 *Carr. & P.,* 635.) This, how-ever, is of little consequence, as the judgment in cases of felony on such pleas is *respondea ouster.* (*Arch. Cr. Pl.,* 91 ; 12 *Hawking Cr. Law,* 23 *and* 128 ; 2 *Carr. & P.,* 634.)

Pleas overruled and judgment of *respondeas ouster.*

