# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## February 9, 1917.

## THE PEOPLE ex rel. HYMAN FISH v. ALFRED SMITH, as Sheriff, etc.

### (177 App. Div. 152.)

INDICTMENT UNDER PENAL LAW, SECTION 889*—VIOLATION OF FIRST AND LAST SUBDIVISIONS CONSTITUTE DIFFERENT CRIMES—HABEAS CORPUS —CONSTITUTIONAL LAW—WHEN DEFENDANT NOT TWICE PUT IN JEOPARDY FOR SAME OFFENSE.

Where a first indictment for a violation of the first subdivision of section 889 of the Penal Law in aiding and abetting the falsification of the books of a copartnership was dismissed upon the ground that there was no violation of said statute in that the change had been directed by a member of the firm, a subsequent indictment charging the defendant with a violation of the last paragraph of said section in causing the alteration of the partnership books with intent to defraud the creditors of said firm and to conceal from them and from other persons interested matters materially affecting the financial condition of the firm states an entirely different and independent crime. Hence, by the second indictment the defendant is not twice put in jeopardy for the same offense and his writ of *habeas corpus* will be dismissed.

PAGE and SMITH, JJ., dissented, with opinion.

APPEAL by The People of the State of New York from an order of the Criminal Term of the Supreme Court, entered in the office of the clerk of the county of New York on the 5th day of July, 1916, sustaining a writ of habeas corpus and dismissing an indictment against the relator, filed in the Court of General Sessions of the Peace in and for the County of New York and discharging the relator from custody.

---

* See Notes, Vol. 24, p. 351.

*Robert C. Taylor,* for the appellant.

*William Travers Jerome,* for the respondent.

LAUGHLIN, J.:

I am of opinion that the crime with which the defendant was charged in the former indictment is not the same as that with which he is charged in the second indictment.

The first indictment charged that one Gertrude Gutman, an employee of the copartnership firm of Moses Gutman & Son, falsely, unlawfully and corruptly altered and erased the account showing that the firm was indebted to the defendant; and it charged the defendant with having been feloniously concerned "in the commission of the said crime and felony by the said Gertrude Gutman," and that he aided and abetted her in committing the same, and counseled, commanded, induced and procured her to commit the crime and felony consisting of said alteration of the books of said copartnership. There was in that indictment no charge that the alteration of the books made by Gertrude Gutman was made with intent to injure or defraud any one or that the defendant aided or abetted or counseled or advised or induced her to make the alteration with the intent of defrauding any one. The indictment constituted a simple charge of the alteration of the books of the firm by an employee, aided, abetted, counseled, advised and induced by the defendant. That indictment, therefore, was necessarily predicated on a violation of the provisions of the first subdivision 1 of section 889 of the Penal Law by Gertrude Gutman, the employee of the firm; and it was essential to the conviction of the defendant to show that Gertrude Gutman committed the crime of forgery in the third degree in violation of the provisions of said subdivision 1 of section 889 of the Penal Law, and that the defendant aided and abetted her in so doing. (Penal Law, §§ 2, 26, 889, subd. 1.)

It appeared upon the trial of the defendant under the former indictment that the alteration and erasure in the copartnership books by Gertrude Gutman, the employee of the firm, were authorized by one of the members of the firm, and upon that theory it was held that the crime of forgery in the third degree was not committed by her inasmuch as the provisions of said subdivision 1 of section 889 relates to alterations and erasures in copartnership books not authorized or directed by the firm; and that since there was no crime committed by the employee of the firm, as charged, the defendant could not be held guilty on the theory of aiding, abetting, counseling, advising or inducing acts by the employee which did not constitute a crime. (People v. Fish, 169 App. Div. 22, 33 Crim. Rep. 445.)

The second indictment clearly charges a different crime, in violation of the provisions of the last paragraph of said section 889 of the Penal Law, being the second subdivision 4 of that section (as added by Laws of 1912, chap. 342), in that *with intent to defraud the creditors of said firm and to conceal from them and from other persons interested* matters materially affecting the financial condition of the firm the defendant feloniously altered, erased and obliterated an entry in a deposit book of the firm showing an indebtedness from the firm to him. This is clearly a different crime, depending in no manner upon whether the members of the firm consented to such alteration or whether the same was made by an employee of the firm by direction of one of the members.

The order should, therefore, be reversed and the writ dismissed.

Dowling, J., concurred; Smith and Page, JJ., dissented.

Clarke, P. J. (concurring):

I concur in the opinion of Mr. Justice Laughlin. In People v. Fish (169 App. Div. 22) I concurred in the reversal of

the judgment of conviction on the distinct ground that " defendant was indicted under one clause of a section of the Penal Law, and the conviction is sought to be sustained under another which is not applicable." He has now been indicted under the proper clause, and it cannot be held that he is put in jeopardy a second time for the same offense. (See Const., art. 1, § 6.)

PAGE, J. (dissenting) :

The relator was originally convicted of the crime of forgery in the third degree. An appeal was taken to this court, and the district attorney then argued that subdivision 4 of the second portion of section 889 of the Penal Law was enacted by chapter 342 of the Laws of 1912 for the purpose of obviating the construction placed by the courts on section 889 (People v. Brown, 140 App. Div. 591, 25 N. Y. Crim. Rep. 173; People ex rel. Isaacson v. Fallon, 202 N. Y. 456, 25 N. Y. Crim. Rep. 207), and that this new amendment is a comprehensive definition of the kinds of forgeries which section 889 includes and the purposes or intents with which, and the persons by whom, those forgeries may be committed, and not a statement of additional facts that would constitute the crime. He then argues that the indictment was sufficient to sustain a conviction, even if the crime came within the purview of said subdivision 4 rather than subdivision 1 of the first portion of that section, stating in his brief:

" This indictment alleges that the alteration was made ' falsely, unlawfully and corruptly.' * * * These words suffice to bring the charge directly within the opening paragraph of section 889. The further definition of the corrupt purpose, added in 1912, merely supplements the broad words in the opening paragraph, and demonstrates that the evidence in this case directly proved such a crime as section 889, read in the light of the 1912 amendment, contemplated."

And, furthermore, he urged upon the court that "no technical objections were taken to the form of the indictment; and it is too late to raise them for the first time on appeal. However inartistic it may be, the court can spell out a charge of forgery for altering books, under Penal Law, section 889."

While this court did not in terms adopt this construction of the statute, but held, after reviewing both portions of the section, that as the bookkeeper who made the alteration at the direction of the defendant did so with the consent of a member of the firm, the relator could not be convicted under either portion of the section, on the ground that "the conviction of the defendant was without evidence to sustain it." The judgment was reversed, the defendant discharged, and the indictment dismissed.

Mr. Justice CLARKE concurred on the ground that "defendant was indicted under one clause of a section of the Penal Law, and the conviction is sought to be sustained under another which is not applicable." But this was not the grounds of the decision of a majority of the court.

Where a judgment of conviction is reversed, not for any error on the trial nor for any defect in the indictment, but solely on the ground that the evidence did not show the commission of a crime, and a new trial is not granted, it is tantamount to an acquittal.

Another indictment has been found charging the defendant with the commission of the same crime — forgery in the third degree. The acts charged in each indictment as constituting the crime were the same. The date of its commission is the same in each indictment. The book altered, the entry erased and the substituted entry are identical. Therefore, the evidence to sustain the two indictments would be the same.

The defendant could not plead former acquittal for the reason that no judgment of acquittal had been entered. Under the.

provisions of the Constitution of this State (art. 1, § 6), " no person shall be subject to be twice put in jeopardy for the same offense." The Court of Appeals has said : " If a person accused of crime is placed upon trial therefor upon an indictment duly found and sufficient in form and he pleads thereto and proceeds with the trial before a jury duly sworn to try the issues so joined, he is placed in jeopardy within the constitutional provisions." (People ex rel. Stabile v. Warden, etc., 202 N. Y. 138, 150, 26 N. Y. Crim. Rep. 108.) The question then arises, did the reversal of the judgment remove the former jeopardy ? It has been held to have this effect when the reversal is on the ground of a faulty indictment, for the reason that a person is not in jeopardy from an insufficient indictment, also where the crime charged is one and the conviction was for another or different crime, because his trial was not for the offense charged. Also, where a new trial is granted, not because he is not put in second jeopardy for the same offense, but for the reason that he, having demanded a reversal and a new trial, has waived his constitutional privilege. Therefore, in this case had a new trial been granted the defendant would have waived his right to claim former jeopardy on the second trial, but a new trial was not granted; therefore, the privilege was not waived. The defendant did not waive his constitutional immunity of jeopardy from a second indictment for the first offense.

As I have before stated, because of the fact that there was no judgment of acquittal entered a plea of former acquittal could not be made. But this does not deprive the defendant of the power to claim his constitutional privilege. Habeas corpus has been held to be the proper remedy under such circumstances. (People ex rel. Stabile v. Warden, etc., *supra;* People v. Goldfarb, 152 App. Div. 870, 874, 28 N. Y. Crim. Rep. 315.) The court had no power on the return of the writ to dismiss the indictment. The office of a writ of habeas corpus

is to inquire into the detention.   The order should have pro-
vided that the writ was sustained and the relator discharged.

The order should be so modified, and as modified affirmed.

SMITH, J., concurred.

Order reversed and writ dismissed.   Order to be settled on
notice.

## NOTE ON FORGERY, THIRD DEGREE, PENAL LAW, § 889.

(See Note on Forgery, Vol. 24, p. 351, *ante*.)

Derivation, Penal Code, § 514; amd. L. 1884, chap. 378, § 1; L. 1892, chap. 692, § 1; Penal Code, § 515.

The words "with intent to defraud" are used as synonymous with the words "with fraudulent purpose" to distinguish the case from one of an erroneous entry made through mistake, or under a misapprehension of a right, or such fictitious entries as are sometimes made for bookkeeping purposes, or otherwise innocently.   (Phelps v. People [1878], 72 N. Y. 371; affg. 15 Hun, 155, 49 How. Pr. 462.)

The object of this section is to protect a corporation, association, partnership or individual owning books from being defrauded by means of false entries or alterations therein.   It is protected against domestic or internal attack against treachery and betrayal from within.   (People v. Brown [1910], 140 App. Div. 591.)

The necessary element of forgery in the third degree is an intent to defraud or to conceal a larceny or a misappropriation of money or property.   (People v. Brown [1910], 141 App. Div. 638.)

The provision of paragraph 1 of the first part of this section has no application to a writing the signature to which is genuine, and no change in which is shown to have been made after its execution, though it appears it was executed by the party signing it under a mistake or in ignorance of its contents induced by fraud or deceit on the part of the defendant. (People v. Underhill [1894], 142 N. Y. 38, 9 N. Y. Cr. 172, revg. 75 Hun, 329, 26 N. Y. Supp. 1030.)

At common law an individual may keep books of account of all or part of his transactions, or he may omit to do so altogether. So far as the statute includes within the definition of forgery the falsification of books of account by erroneous entries or by omissions to enter any material particulars relating to the transaction of the business of an individual, it refers to entries or omissions by persons who have a duty as employees, or in other similar capacities, to keep true books of account of the business of the employer. It was not intended to and does not include a person who omits an entry of a business transaction from his own books of account with intent to conceal from his creditors the disposition of his property. (People ex rel. Isaacson v. Fallon [1911], 202 N. Y. 456, 26 N. Y. Crim. Rep. 367.)

Upon the trial of an indictment for willfully omitting to make true entries in account books with intent to conceal a larceny, the prosecution need not show that the defendant himself committed said larceny. (People v. Curtis [1907], 118 App. Div. 259, 21 N. Y. Cr. 134, 103 N. Y. Supp. 295.)

An indictment for making a false entry in the accounts of a corporation need not state that by such books or accounts or entries therein a pecuniary demand or obligation is or purports to be or to have been created, increased or discharged, etc., but the mere false entry in such books, with intent to defraud, constitutes the crime. (People v. Herzog [1905], 47 Misc. 50, 19 N. Y. Cr. 371, 93 N. Y. Supp. 357.)

An indictment is good which charges that the defendant, with intent to defraud, made a false entry in a book of account belonging to and appertaining to the business of a corporation, stating and describing the entry, book of account and corporation with such fullness and definiteness as to fairly apprise the defendant of the charge against him and the specific act which it is charged he committed constituting a crime hereunder. (Id.)

An indictment which charges that defendant, with intent to defraud the city, entered upon the dump sheet, a writing used by the city to record the loads of snow removed for its account, that H. had removed 108 loads, for which $35 was due him, which entries were knowingly false, is good as charging forgery in the third degree. (Id.)

Subd. 3, part 1. A crime is committed hereunder whenever a person willfully, that is, knowingly, misrepresents the sentiments, opinions, conduct or character of another, by means of a false, forged or counterfeit writing; the mere misrepresentation is the gist of the offense, and the fact that the person whose name is used is not injuriously affected thereby is

immaterial. (People v. Abeel [1905], 182 N. Y. 415, 19 N. Y. Cr. 524, 1 L. R. A. [N. S.] 730, note.)

For opinion upon a motion for arrest of judgment, see 45 Misc. 86, 19 N. Y. Cr. 514. (See, also, People v. Luhrs [1908], 127 App. Div. 637, 111 N. Y. Supp. 749.)

Last part of section: A notice of executing a writ of inquiry is not such an instrument as the part of this section which was formerly section 515 of the Penal Code contemplates. (People v. Cody [1844], 6 Hill, 490.)

Although an insurance company, for the purpose of deceiving the State Insurance Department, transferred its secured loans to its bankers just prior to the date of its annual report, and immediately after making such report repurchased the loans, an officer who entered said transactions in the company's books is not guilty of forgery under section 515 of the Penal Code (latter part of section 889, Penal Law), relating to false entries in books of account. (People ex rel. Hegeman v. Corrigan [1908], 129 App. Div. 75, affd. 195 N. Y. 1.)

Intent to defraud or to conceal a larceny or misappropriation of property by such entry is essential to make it a crime. (People ex rel. Hegeman v. Corrigan [1908], 129 App. Div. 75, affd. 195 N. Y. 1.)

The omission by a merchant to make an entry in his books of account of a sale of merchandise, although while in failing circumstances and shortly before being adjudicated a bankrupt in involuntary proceedings, and for less than the goods cost him, does not constitute forgery in the third degree. (People ex rel. Isaacson v. Fallon [1910], 69 Misc. 550.)