THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SAMUEL MURRAY, JAMES MANLEY and MILEY TENNYSON, Defendants.

County Court, Queens County, May 23, 1938.

*Charles P. Sullivan, District Attorney,* for the plaintiff.

*William Garvin, Albert Gilbert, Edward Kuntz* and *William Pickens, Jr.,* for the defendants.

COLDEN, J. Motion by these defendants for a dismissal of the indictment charging them with the crime of assault in the second degree. The indictment charges that these defendants, on or about the 23d day of January, 1938, assaulted William Miller, George Miller and Theodore Dausch by willfully and wrongfully striking them with a knife or other sharp weapon. The motion to dismiss is made upon the ground that this indictment against the defendants constitutes double jeopardy.

These defendants were tried in the Felony Court of the Borough of Queens on February 3, 1938, charged with the offense of disorderly conduct, were found guilty and were sentenced to imprisonment in the workhouse.

An examination of eighty-eight pages of the stenographer's minutes of the proceedings in the Magistrates' Court, and an examination of fifty-two pages of the stenographer's minutes of the hearings before the grand jury, indicates that the same acts which formed the basis of the convictions in the Magistrates' Court are the same acts upon which the indictment is predicated.

In other words, if the precise evidence of assault given before the grand jury is eliminated from the evidence upon which the convictions for disorderly conduct were based there would be nothing left to sustain those convictions, and, conversely, if the evidence upon which the disorderly conduct convictions were based is eliminated there is nothing left upon which to sustain the indictment. While it is true that a conviction for disorderly conduct may be had and that the grand jury may subsequently indict for felonies such as robbery, murder and other crimes, the situation is entirely different where the only acts upon which the felony indictment is based are the precise acts, and no others, upon which the convictions for disorderly conduct were had. (See *People ex rel. Ticineto* v. *Brewster*, 241 App. Div. 467, and *People* v. *Goldfarb*, 152 id. 870.) These defendants may not now be tried for the same offense for which they have already been convicted in another court without violating the constitutional provision against double jeopardy. The motion to dismiss the indictment is granted. Submit order.