THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED KAMMERER, Appellant, v. JOSEPH H. BROPHY, Esq., Warden at the State Prison, Auburn, New York, Respondent.— Order affirmed, without costs. Memorandum: The crimes in question, practicing law without a license and unlawfully obtaining a fee of $265 for the service rendered, with intent to appropriate the same, though arising out of the same transaction, are not identical crimes. There was, therefore, no double jeopardy and relator's rights were not prejudiced by the manner in which the

trial court disposed of that question. Where the facts are not in dispute, a plea of double jeopardy presents only a question of law. (*People* v. *Smith*, 172 N. Y. 210, 226.) According to the record, relator was resentenced at a term of the Queens County Court held in July, 1937. "It is presumed that the doings of a court of record are regular and proper, that its jurisdiction was properly acquired,[and] that its proceedings are legal and valid." (*People ex rel. Price* v. *Hayes*, 151 App. Div. 561, 566.) The fact that there was no regularly designated term of Queens County Court for July, 1937, does not overcome the presumption. In the absence of evidence to the contrary, we may infer that the court had been regularly adjourned to the date when the sentence was imposed. The relator was properly sentenced under the law in force at the time the crime was committed and the indictment was found. (Gen. Constr. Law, §§ 93, 94.) Chapters 70 and 328 of the Laws of 1936, effective March 6 and April 9, 1936, respectively, relied on by relator, do not apply to the facts here. All concur. (The order dismisses a writ of habeas corpus and remands relator into custody.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.