HAROLD D. SHACKMAN, Doing Business under the Assumed Name and Style of BELL CREDIT CLOTHING COMPANY, Respondent, v. WILLIAM OSBORNE, JR., Appellant.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The record fails to disclose whether any executions were issued out of the City Court of Buffalo on the judgment in question within five years after its rendition or whether any order for leave to issue the garnishee execution under review, or any execution, was made or entered by that court. The briefs refer to the fact that executions were issued on the judgment by the City Court of Buffalo but are silent as to the dates of their issuance. The parties are agreed that no transcript of the judgment was ever demanded from or issued by any clerk of the City Court of Buffalo. In the absence of proof to the contrary, we must assume that the garnishee execution was lawfully issued. (*People ex rel. Kammerer* v. *Brophy*, 255 App. Div. 821, 822.) Section 40 of article 2 of the Buffalo City Court Act (Laws of 1909, chap. 570, as amd. by Laws of 1915, chap. 188, creating the City Court of Buffalo) confers no power on that court to issue

garnishee executions. This section requires any clerk of the City Court of Buffalo to issue, upon demand, a transcript of the judgment at any time within twenty years after its rendition and requires the clerk of Erie county to docket the transcript thus issued. This section must prevail over section 272 of the Justice Court Act which limits the time for issuing and filing a transcript of a Justice Court judgment to six years after its rendition. (*Rogers* v. *Village of Port Chester*, 234 N. Y. 182, 187.) Garnishee executions, under pertinent provisions of the Buffalo City Court Act, may be issued by the City Court of Buffalo as provided in section 300 of the Justice Court Act or, possibly, under section 684 of the Civil Practice Act. We are not required to determine which section applies. All concur. (The order of the Supreme Court affirms an order of the Buffalo City Court which denied defendant's motion to vacate a garnishee execution.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.