Matthew J. Jasen, J.
This is a hearing on a writ of habeas corpus.
The petitioner was indicted in January, 1959 by the Grand Jury of Erie County on two counts, assault in the second degree (Penal Law, § 242) and carrying with intent to use a dangerous weapon, contrary to subdivision 1 of section 1897 of the Penal Law.
At his arraignment on the charges, he pleaded not guilty. Thereafter, on the 16th day of June, 1959, he withdrew his plea of not guilty and pleaded guilty to the reduced charge of assault in the third degree (Penal Law, § 244) and to a misdemeanor violation of subdivision 1 of section 1897 of the Penal Law,
Thereafter on the 23d day of July, 1959 petitioner was sentenced by the Honorable Burke I. Burke for a term of one year on each conviction, said sentences to run consecutively.
Petitioner now contends that he has served his one year sentence on the assault charge and that his continued imprisonment and detention is illegal on the grounds that the Erie County Court was without jurisdiction to accept his plea of guilty for a violation of subdivision 1 of section 1897 of the Penal Law, and pronounce the sentence imposed, as there was only one crime committed and therefore there conld be only one sentence imposed. He further contends that the dangerous weapon was an element of the second degree assault count of the indictment and that the same dangerous weapon was the basis of the second count of carrying with intent to use a dangerous weapon, and that both charges relate to the same offense.
Respondent contends that section 1938 of the Penal Law does not apply to this case inasmuch as the acts involved, assault third degree, and carrying with intent to use, a dangerous weapon, are separable.
The question presented to the court is whether the imposition of consecutive sentences for assault in the third degree and violation of subdivision 1 of section 1897 of the Penal Law, carrying with intent to use a dangerous weapon, violate the prohibition of double punishment contained in section 1938- of *60 the Penal Law which reads as follows: ‘ ‘ An act or omission which is made criminal and punishable in different ways, by different provisions of law, may be punished under any one of those provisions, but not under more than one; and a conviction or acquittal under one bars a prosecution for the same act or omission under any other provision. ’ ’
The petitioner entered a plea of guilty to two separate crimes (1) a violation of section 244 of the Penal Law, third degree assault which crime does not require the use of a dangerous weapon such as a knife, and (2) a violation of the Penal Law (§ 1897, subd. 1) carrying with intent to use a dangerous weapon, to wit: a knife.
From the record before the court, it appears clear that the defendant did not plead guilty to the first count of the indictment which charged him with the use of a dangerous weapon, to wit: a knife, while committing an assault, but instead chose to plead guilty to the lesser included crime of assault, third degree. The use of a dangerous weapon such as a knife is not an element of the lesser degree of assault. Had the petitioner pleaded guilty to the first count of the indictment, second degree assault, the situation would have been different.
The court recognizes that section 1938 of the Penal Law is not, by its terms, limited to included crimes, although it appears to be clear that the statute will there apply. If, however, the acts are separable, it would not apply.
In this instance, one simple act is not the basis of the two crimes. The first is a simple assault without the use of any dangerous weapon and the second, the carrying with intent to use, of a dangerous weapon. Théy are separable and distinct and involved two different kinds of conduct, even though arising out of the same incident.
Our courts have ruled similarly in People ex rel. Maurer v. Jackson (2 N Y 2d 259, robbery and assault); People ex rel. Poster v. Jackson (303 N. Y. 680, incest and sodomy, committed on the same person at the same time and place); People v. Skarcsewski (287 N. Y. 826, driving while intoxicated, reckless driving, operating a motor vehicle during suspension of driver’s license, all committed at one and the same time).
Accordingly, the writ of habeas corpus is dismissed and petitioner is remanded to the custody of respondent to complete his sentence.