THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOAB FENNELL, Appellant.

First Department, March 15, 1960.

*Robert Polstein* for appellant.

*Peter J. O'Connor* of counsel (*Charles W. Manning* with him on the brief; *Frank S. Hogan, District Attorney,* attorney), for respondent.

M. M. Frank, J. The defendant appeals from a judgment of the Court of Special Sessions convicting him of the crime of assault, third degree. He urges that the conviction is barred upon the ground of former jeopardy, and, in any event, that the evidence is insufficient to support the judgment.

As a result of an altercation with a railway policeman in Pennsylvania Railroad Terminal, the defendant, a taxicab driver, was separately charged with disorderly conduct (Penal Law, § 722, subd. 2), and with assault. After a trial in the Magistrate's Court, the defendant was acquitted of the disorderly conduct charge. The complaint upon which the charge was predicated alleged that, " with intent to provoke a breach of the peace and under circumstances whereby a breach of the peace might be occasioned, the defendant refused to obey deponent's directions, while deponent was directing traffic, refused to move, used loud and abusive and obscene language, in the presence of women and children in the vicinity; and did resist arrest; thereby causing a disturbance thereat." The minutes of the trial reveal that the Magistrate unequivocally refused to take proof concerning the alleged assault. He said, " We are not hearing the assault case at this time. I will not allow any testimony on the assault case in considering the disorderly conduct charge."

Thereafter, the defendant proceeded to trial in Special Sessions. Both at the commencement and at the conclusion thereof, counsel for the defendant unsuccessfully moved for his acquittal because of former jeopardy.

The State has provided adequate safeguards to protect a defendant from being subjected more than once to a conviction for the same crime, not alone in the Constitution and in numerous statutory enactments (N. Y. Const., art. I, § 6; Penal Law, §§ 32, 1938; Code Crim. Pro., §§ 139, 327, 470, 673), but by judicial decisions as well. Various tests have been established in applying the bar of former jeopardy, or more particularly, as here, of *autrefois acquit*. (See Bouvier's Law Dictionary [3d revision], p. 296; *People ex rel. Moskoff* v. *Weinstock*, 21 Misc 2d 14.) However, a defendant must fit himself into the protective frame for it to be available to him.

While a defendant may not be placed in jeopardy twice for the same offense (*People* v. *Silverman*, 281 N. Y. 457), it does not follow that a person may not be convicted of several crimes arising out of the same incident. If the crimes are separate and distinct as a matter of law, a defendant may be convicted of each, although the facts may be closely related. In *People* v. *Bevins* (74 Misc. 377), the defendant was separately convicted

of public intoxication and of disorderly conduct (using profane and obscene language), both offenses resulting from one occurrence. Appellant's reliance on *People ex rel. Ticineto* v. *Brewster* (241 App. Div. 467) is misplaced. There, the relator had been charged with two distinct offenses, disorderly conduct and assault. However, since both required proof of identical acts, this court properly held that the defendant was placed in jeopardy. That is not the situation in the case before us. The offense of which defendant was acquitted in the Magistrate's Court was different from the crime charged in the information. The Magistrate refused to receive or consider evidence concerning the assault, and the complaint did not allege any facts necessary to sustain such a charge. Conversely, the information filed in the Court of Special Sessions alleges only an assault. Each charge required different- facts to be proved, although both arose from a single event. It follows that the two offenses were not the same in fact and law. (*People ex rel. Kwiatkowski* v. *Trenkle,* 169 Misc. 687.)

The record indicates that one of the issues to be resolved was whether the defendant resisted a lawful arrest or, if the arrest was illegal, whether the defendant applied more force than was required. We note, too, that although the officer testified that he was confined to a hospital as the result of injuries received at the hands of the defendant, no hospital record was produced. Thus we are led to the conclusion, as we were in *People* v. *Vassilakou* (9 A D 2d 221, 222), that, " The thinness of the proof " results in a conviction that is against the weight of the evidence and that justice requires a new trial.

Under the circumstances, the conviction should be reversed on the law and in the interest of justice (Code Crim. Pro., § 527), and a new trial ordered.

BREITEL, J. P., RABIN, VALENTE and STEVENS, JJ., concur.

Judgment unanimously reversed upon the law and in the interest of justice (Code Crim. Pro., § 527), and a new trial ordered.