J. Irwin Shapiro, J.
In answer to an indictment accusing him of felonious possession of a knife as a dangerous weapon (Penal Law, § 1897, subd. 8) defendant has heretofore pleaded that he is not guilty and he now moves “ for an Order to amend his prior plea of Not guilty to Not Guilty and Not Guilty by reason of a former conviction; and for an Order to inspect the minutes of the Grand Jury in this case, or in the alternative to dismiss the indictment on the grounds of Double Jeopardy as a matter of law, pursuant to Section 1938 of the Penal Law, Section 9 of the Code of Criminal Procedure, Article I, Section 6 of the Constitution of the State of New York and Amendment Y of the Constitution of the United States ”.[1]
In his moving affidavit the attorney for the defendant says: ‘ ‘ This motion is made for the purpose of permitting the defendant to amend his prior plea of Not Guilty, to Not Guilty and Not Guilty by reason of the fact that he has already been convicted of the offense charged in this indictment by Judgment of the Criminal Court of the City of New York rendered at Queens County on the 27th day of February, 1964 and for dismissal of this indictment as a matter of law on the grounds of a former conviction for the same offense. ’ ’
It is undisputed that the conviction specified in the defendant’s plea resulted from his prosecution under an information (which he has put before the court) alleging, in pertinent substance, that he committed the offense of disorderly conduct in violation of the provisions of subdivision 2 of section 722 of the Penal Law *890 in that the defendant, at 6:05 p.m., on January 2, 1964 “ at 74th St. and Roosevelt Ave. subway arcade ”, in the County of Queens, ‘ ‘ with intent to provoke a breach of the peace and under circumstances whereby a breach of the peace might be occasioned ® * * did loiter * * * while holding a knife in his hand, blocking the free and proper passage, to the annoyance of passers-by.” Neither is it disputed by the People that in the course of defendant’s trial for the offense thus charged, the substance of the police officer’s testimony was that at the time and place in question he heard a scream, looked around and saw the defendant with a knife held in his hand, at or near the throat of an unidentified female; that people gathered in the area and that when the officer approached and demanded the knife of the defendant, the latter placed it in his pocket, from which the patrolman removed it.
At the conclusion of the trial, the defendant was found guilty and the sentence of the court (imposed on March 13, 1964) was that defendant be committed to the Workhouse for a period of 90 days.
The District Attorney does not question defendant’s identity as the person convicted of disorderly conduct in the inferior court nor does he deny that the accusation made by the present indictment is based upon the same transaction involved in the former prosecution. Since, therefore. onLwL-sgues-oLlaw - are involved the-y-ur-e-4e-te-rm.in-able"h-y-~tbe~~eeurt (People v. Smith, 172 N. Y. 210, 226; People ex rel. Kammerer v. Brophy, 255 App. Div. 821, 822, affd. 280 N. Y. 618).
■So far as action remains to be taken by the court on this motion, it is denied in all respects because the offenses are not the same, within the meaning of the Constitution, nor is the act charged in each case the same, within the intendment of the provisions of section 1938 of the Penal Law.
Underlying the lack of harmony in the application of what are thought to be the generally accepted principles by which identity of offenses is or ought to be determinable (22 C. J. S., Criminal Law, § 278, p. 713) is the choice and enforcement of the policy of the several States and of the United States. The jeopardy is tested accordingly (cf. Green v. United States, 355 U. S. 184, with People v. Ercole, 4 N Y 2d 617; People ex rel. Di Lapo v. Tutuska, 27 Misc 2d 544, affd. 11 A D 2d 906, affd. 9 N Y 2d 910 and People ex rel. Santangelo v. Tutuska, 19 Misc 2d 308, affd. 11 A D 2d 906 with State v. Cooper, 13 N. J. L. 361, 372, 373, 375). The perspective afforded by these cases does not, of course, facilitate the task but may serve to avoid complicating it further.
*891 The meaning of the constitutional verbiage conferring immunity from repeated jeopardy for the “ same offense ” is taken in Ohio to be “ same offense, not the same transaction, not the same acts, not the same circumstances or same situation” (State v. Rose, 89 Ohio St. 383, 386; State v. Orth, 106 Ohio App. 35, 37, opp. dsmd. for lack of a constitutional question 167 Ohio St. 388). Stated in another way, the prevailing concept of identity of offenses demands that the offenses charged in both cases be “ the same in law and in fact ”, It follows that the plea of double jeopardy is without merit if the offenses are ‘ ‘ perfectly distinct in point of law, however nearly they may be connected in fact.” (Commonwealth v. Roby, 29 Mass. [12 Pick.] 496, 504; Burns v. People, 1 Parker Cr. Rep. 182, 185; People v. Saunders, 4 Parker Cr. Rep. 196, 198; People ex rel. Pish v. Smith, 177 App. Div. 152, 156-157, affd. 221 N. Y. 590.) On the other hand, the safeguard is not limited to the same offense by name or designation and is extended so as to forbid successive prosecutions for the same acts upon! charges which, though based upon different statutes, are ele-j mentally identical (see, e.g., People v. Goldfarb, 152 App. Div. 870, 873, affd. 213 F. Y. 664; People ex rel. Ticineto v. BrewsterJ 241 App. Div. 467, 468; cf. Driggers v. State, 137 Fla. 182; Braswell v. Commonwealth, 339 S. W. 2d 637, 638 [Ky.]; Poteet v| State, 138 Tex. Cr. Rep. 9). Conversely, if the offenses arq elementally different, a prior conviction or acquittal of one is| not a bar to a subsequent prosecution for the other (People| v. Faden, 271 N. Y. 435, 443; People ex rel. Kammerer v. Brophy,S 255 App. Div. 821, affd. 280 N. Y. 618, supra; People v. Sharczew-l shi, 178 Misc. 160, 163, affd. 287 N. Y. 826). “ Unless the firstj indictment was such as the prisoner might have been convicted! upon, by proof of the facts contained in the second * * HI an acquittal * * * [or conviction] can be no bar to the second”. (Burns v. People, 1 Parker Cr. Rep. 182, 184, supra; People v. Burch, 5 N. Y. Crim. Rep. 29, 30; People v. Bevins, 74 Misc. 377, 380, affd. 149 App. Div, 935; People v, Taft, 174 Misc. 1033, 1035-1036; People v. Josie, 206 Misc. 704, mod. and affd. 286 App. Div, 995; People v. Pennell, 10 A D 2d 78.) “ [T]he test * * * is whether each provision requires proof of a fact which the other does not ” (Gavieres v. United States, 220 U. S, 338-, 342; Blockburger v. United States, 284 U. S. 299, 304; see, also, Harris v. State, 193 Ga. 109). “ A conviction or acquittal upon one indictment is no bar to a subsequent conviction # * * upon another, unless the evidence required to support a conviction upon one of them would *892 have been sufficient to warrant a conviction upon the other.[2] The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.” (Morey v. Commonwealth, 108 Mass. 433, 434 quoted in People v. Skarcsewski, 178 Misc. 160, 163, affd. 287 N. Y. 826, supra-, italics added.) Although described as the “ same evidence test ” and its variants, the basic principle measures the identity of offenses by elemental standards.[3] In that sense, ‘1 a test is set up which considers evidence and not the theory of the pleader ” (People v. Silverman, 281 N. Y. 457, 462).
Among the other ‘ ‘ exceptions ’ ’ to the basic rule is the so-called “essential ingredient” exception (see, e.g., State v. Barnes, 29 N. D. 164, 169-170; State v. Smith, 43 Vt. 324, 326-327) or “ lesser included offense doctrine ” invoked by some courts to forbid second jeopardy for an offense which is a lesser component or ingredient of that first tried. At times, it is also used to bar a second prosecution for a greater offense after defendant had first been tried on the lesser except where the lesser offense was tried in a court without jurisdiction to try the greater (Comment, 65 Yale L. J. 339, 347, note 43).
By the application of the principles above discussed, I am persuaded that the offenses in this case are not identical in law. There was “no connection between the two charges except that one was a direct cause of the other ” (People v. Weinstein, 157 Misc. 183, 184). The gist of the disorderly conduct, prescribed by the law, charged by the information and established by the evidence in this case, was conduct intended to provoke a breach of the peace, engaged in under circumstances whereby ra breach of the peace might be occasioned. The core of ! defendant’s offense was his presence in the arcade, with knife ¡in hand, blocking passage therein, to the annoyance of passers-by. 'The inseparable evidence of his unlawful possession and use of | a weapon supplied the background but did not constitute the (body of his disorderly conduct. Hence, the conviction in the *893 inferior court was not of the offense of unlawfully possessing! the knife and assaulting the unknown woman therewith, hut; of simple disorderly conduct (State v. Gratz, 86 N. J. L. 483).¡ The mere fact that the weapon figured in the events attending the disorderly conduct does not make the offenses, in any sense, the same (Clayton v. State, 81 Tex. Cr. Rep. 385). To paraphrase the language of the North Dakota court, it will not, in this court, he necessary to prove disorderly conduct in order to convict this defendant of unlawful possession of the knife and certainly, proof of such unlawful possession would not of itself, alone, convict him of disorderly conduct (State v. Taylor, 70 N. D. 201).[4]
In summary, the offense of disorderly conduct and the crime of possession of a dangerous weapon “ are separate and distinct as a matter of law, although they may be closely related on the facts ” (People v. Bevins, 74 Misc. 377, 380, affd. 149 App. Div. 935, supra) “Each charge required different facts to be proved, although both arose from a single event” (People v. Fennell, 10 A D 2d 78, 80, supra).
While not unmindful of the views expressed by Judge (later Justice) Cold-ex' in People v. Murray (168 Misc. 737) the reasoning of that case has already been shown to be inapplicable to the present case because the offense and crime here charged are not precisely the same in point of law. There is, moreover, an additional principle, earlier referred to, which was apparently not presented for consideration in the Murray case.
The principle involved is expressed thus, by the Michigan court: “ A conviction in an inferior court of a misdemeanor does not constitute former jeopardy so as to bar subsequent prosecution for a felony arising out of the same transaction. The felony here charged being beyond the jurisdiction of the inferior court, and not included in any sense within the charge there laid, the defense of former jeopardy fails ” (People v. Townsend, 214 Mich. 267, 275). The Massachusetts court, after quoting the principle stated in the Townsend case, noted: ‘ ‘ The great weight of authority is to the same effect”. In the case then before it, the Massachusetts court rejected a defendant’s contention that his prior conviction — in a Municipal Court — of assault and battery upon an under-age child barred his prosecution for an assault with intent to rape her, based upon the same event. In reaching that conclusion the court adopted, *894 as “ peculiarly apt to the ease at bar ”, a part of the opinion by Hawkins, J., in Regina v. Miles (24 Q, B. D. 423) dealing with a plea in bar, based on a conviction of common assault, in a conrt of summary jurisdiction without power to adjudicate upon the charge of rape for which the prisoner was later prosecuted: “‘They would have no jurisdiction whatever to adjudicate upon the offense of rape, and their disbelief of the evidence would have no greater effect upon the charge of rape than if they had simply refused to commit for trial upon it, in which case nobody would question that an indictment might be presented by anybody who was dissatisfied with the justices’ refusal.’ To the same exact point”, said the Massachusetts court, “ is People v. Saunders, 4 Parker Cr. Rep. 196,” (Commonwealth v. McCan, 277 Mass. 199, 204, 205.) Later, the Massachusetts court, in following the law laid down in the McCan case summed up its ideas of the law of former jeopardy in this wise; “It is commonly said that the crimes are the same if I the facts necessary to prove the second crime would have 1 warranted a conviction upon the first. * * * This princiIple is subject to the equally^recognized exception that a single I act may by legislative fiatbe an offence against two statutes f * * * if the statute * * * requires proof of an additional act. The rule is also subject to the exception that a conviction or acquittal of a minor statutory offence in an inferior court does not bar prosecution for a higher crime of which the inferior court has no jurisdiction. See statement of the reasons of this exception and a collection of cases supporting the proposition in Commonwealth v. McCcm, 277 Mass. 199, 205, 206.” (Commonwealth v. Jones, 288 Mass. 150, 152,)[5]
In People v. Saunders (4 Parker Cr. Rep. 196, supra), referred to by the Massachusetts court, the defendant sought to defeat his trial under a rape indictment by a plea that he had previously been convicted, before a Justice of the Peace, of assault and battery upon the same female, it being his contention that the assault and battery was the same offense as that charged in the rape indictment. His claim was based upon the fact that he had been arrested for rape and brought before a Justice *895 of the Peace but that when the Justice had examined the ease he found no probable cause to hold defendant to answer for the rape and held him, instead, for the assault, whereupon defendant elected to be and was tried by the Justice, sitting as a Court of Special Sessions, and was thereupon convicted and punished for the assault (pp. 196-197). The Court of Oyer and Terminer held that the Justice had no jurisdiction to try the felony of which defendant was later indicted, having no greater authority than to decide whether there was probable cause to hold him to answer therefor. It concluded that the trial for and conviction of assault and battery were not a bar to the indictment for rape, since the offenses were distinct in point of law although closely connected in fact (4 Parker Cr. Rep: 197, 198). This appears to be the last well-considered ease in New York which I have been able to find in which the question was directly presented and decided.
In People ex rel. Kwiatkowski v. Trenkle (169 Misc. 687) a prosecution under two rape counts of an indictment was defeated by reason of the court’s persuasion that the defendant’s prior conviction (on his plea of guilty, in an inferior court) of corrupting the girl’s morals embraced a factual adjudication negating any intent upon his part to rape the girl (pp. 693-696). The court had no doubt that the rape and the impairment charges were different offenses (p. 688). The jurisdictional question related to venue rather than subject matter and the court did not consider the ease from the latter viewpoint at all. In People v. Lavopa (198 Misc. 285) defendant’s prior conviction of vagrancy was held to bar his later prosecution for rape, based on the same act. The court concluded that the second prosecution violated defendant’s immunity from second jeopardy but it proceeded from a valid premise to an erroneous conclusion, by blending two principles: (1) upon a trial for a major crime, defendant’s conviction of a lesser offense amounts to an acquittal of the greater; (2) an acquittal of a minor offense may constitute an adjudication necessarily negating the existence of a fact essential to the defendant’s guilt of a more serious crime later charged, if the inferior court had jurisdiction of the subject matter dealt with by its adjudication (Matter of Martinis v. Supreme Court, 20 A D 2d 79). The Lavopa court relied upon People v. Purcell (16 N. Y. S. 199, Court of G-eneral Sessions, New York County, Nov. 1891, Fitzgerald, J.) is one in which a verdict of acquittal was directed. In that case, the court considered the defendant’s prosecution for rape to have been barred by his earlier acquittal of an assault upon the same female, upon the same facts. Of course, the Court of *896 Special Sessions, wherein defendant had been acquitted of the assault, had jurisdiction of that crime but not, naturally, of rape. Nevertheless, the assault was an essential element of the rape and defendant’s acquittal of the assault was thought to forbid his subsequent prosecution for the rape as a violation of his constitutional immunity from second jeopardy (p. 200). Although the decision touches an area in which the double jeopardy and collateral estoppel principles tend to coalesce, the result in the Purcell case is really an example of the estoppel doctrine (People v. Brooklyn & Queens Tr. Corp., 283 N. Y. 484, 496; People v. Roderman, 34 Misc 2d 497, and authorities cited at pp. 505-507).
More recently, the Ticineto (241 App. Div. 467, supra) and Fennell (10 AD 2d 78, supra) cases, as well as People v. Afarian (196 Misc. 63) were not concerned with a bar to a second prosecution for felony after a prior conviction of disorderly conduct, upon the same facts. Bather, a claim of second jeopardy on a misdemeanor charge was involved.
As may be gleaned from what has been heretofore stated, the defendant’s position is not aided by the provisions of section 1938 of the Penal Law. It is sufficient, without repeating the well-known verbiage of that section, to note that it forbids successive prosecution and punishment for the “ same act ”, as distinguished from the “ offense ’’-dichotomy of the Constitution. The rule, as laid down in People ex rel. Maurer v. Jackson (2 N Y 2d 259, 264), is that the section affords the defendant no freedom from prosecution and punishment for separate and distinct acts committed by him in the course of the criminal occurrence under scrutiny but that if he has committed a single inseparable act violative of more than one statute or an act which itself violates one statute and is a material element of the violation of another, his case falls within the protection of the law (see, e.g., People v. Chessman, 13 N Y 2d 793).
If the conclusions heretofore reached be correct, defendant’s disorderly conduct and his unlawful possession of a dangerous knife were separate and distinct acts, the one not being a material element of the violation predicated on the other. There is a close parallel to the situation here reviewed in People ex rel. Nickerson v. La Vallee (17 A D 2d 874, mot. for Iv. to opp. den. 12 N Y 2d 645) where the relator challenged his conviction and punishment for unlawful possession of a firearm after his conviction of and punishment for assault in the first degree based, as he contended, upon the involvement of the same weapon in both of the crimes charged in the respective counts of the indictment. In rejecting the contention as without merit, *897 the court said: 11 The carrying of a concealed weapon without a permit in no way related to the assault with the use of a deadly weapon and he could he convicted of either count in the indictment without any relation to the remaining count. Section 1938 comes into play when the crimes charged are so interrelated that a conviction could not be had on one charge without the other. Such is not the situation here. ’ ’ (See, also, People ex rel. Johnson v. Redman, 23 Misc 2d 58.)
The resolution of the claim of double jeopardy against this defendant will not necessarily subject him to a trial and confine him to a review of the intermediate order entered hereon by appeal from the judgment in the event of his conviction (Code Grim. Pro., § 517) for other procedures — habeas corpus and prohibition — are available to test the issues in advance and, possibly to avoid trial (see, e.g., Matter of Martinis v. Supreme Court, 20 A D 2d 79, supra; People ex rel. Stabile v. Warden, 202 N. Y. 138, 152-154; People ex rel. Meyer v. Warden, 269 N. Y. 426, 430; Matter of Mack v. Court of General Sessions, 14 A D 2d 98, 101, 104; Matter of Nolan v. Court of General Sessions, 15 A D 2d 78, 80, 85, affd. 11 N Y 2d 114). Order accordingly made herewith.

. Permission to amend the plea so as to assert defendant’s former jeopardy, part of the relief sought by the omnibus motion was granted in an intermediate decision and defendant has interposed such a plea.

. “ Buller’s Rule ” combined with the rule “ backwards ” (note 7 Brooklyn L. Rev. 79, 82-83).

. For historical and critical comment on the so-called “same evidence test” see, inter alla, Note 7 Brooklyn L. Rev. 79 (1937); 58 Yale L. J. 513 (1949); 39 Iowa L. Rev. 317 (1954); Note, 30 Tulane L. Rev. 409 (1956); Comment, 65 Yale L. J. 339 (1956); 74 Harv. L. Rev. 1 (1960).

. “ It is a disturbance of public order by an act of violence, or by any act likely to produce violence, or which, by causing consternation and alarm, disturbs the peace and quiet of the community ” (People v. Most, 171 N. Y. 423, 429, quoted in People v. Perry, 265 N. Y. 362, 364).

, Representative of the minority view to the contrary are State v. Blevins, 134 Ala. 213, and State v. Py/rdin, 206 Iowa 1058, quoted in State v. Smith, 217 Iowa 835, and People v. McDaniels, 137 Cal, 192. In go me instances the policy of the State is expressed by statute (Richardson v. State, 109 Tex. Cr. Rep. 403; Code Grim. Pro., 1925, art. 536 (no bar); Harris v. State, 160 Tenn. 396; Acts of 1870-71, eh. 27, Thompsons-iShannon’s Code, § 7180 (no bar); Diaz v. United States, 223 U. S. 442, Philippine Comp. Stat., § 3284. Although there is authority suggesting that the Hew York courts share the minority view, no well-considered case has been found actually supporting' that notion.